FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.
2010 NOV 16 AM 11: 12
CLERK_____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

STEVE GELIS, )
)
        Plaintiff, )
)
v. ) CIVIL ACTION NO.: CV509-022
)
D. RAY CORRECTIONAL FACILITY, )
INC., a/k/a D. Ray James Correctional )
Facility in their individual and official )
capacities; DONALD JACKSON, )
Warden; Dr. CHARLES HARDEN; )
MARK GARNER, Unit Manager; )
PENELOPE J. KNOX, USMS, )
Supervisory Deputy; PAMELA )
L. FOWLER; and Dr. CARTER, )
)
        Defendants. )

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff filed an action pursuant to 28 U.S.C. § 1331 and <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971), alleging violations of his constitutional rights while he was housed at D. Ray James Detention Facility. Defendants Donald Jackson, Charles Harden, and Mark Garner filed a Motion to Dismiss. (Doc. No. 32). Plaintiff has not responded to Defendants' Motion, and thus the Court deems the motion unopposed. <u>See</u> Loc. R. 7.5. For the reasons which follow, Defendant's Motion to Dismiss should be **GRANTED**.

AO 72A
(Rev. 8/82)

## STATEMENT OF THE CASE

Plaintiff asserts Defendants Jackson, Harden, and Garner failed to treat his left hip pain or to provide him with a hip replacement. Defendants Jackson, Harden, and Garner assert that Bivens does not apply to private actors, and therefore, they should be dismissed.

## STANDARD OF DETERMINATION

In considering a motion to dismiss filed pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, a court must determine whether a plaintiff's "[f]actual allegations [are] enough to raise the right to relief above the speculative level, on the assumption that all the allegations in the complaint are true." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). In making this determination, a court must construe the complaint in a light most favorable to the plaintiff. Christopher v. Harbury, 536 U.S. 403, 406 (2002). Furthermore, all facts alleged by the plaintiff must be accepted as true. Id. at 406. When evaluating a motion to dismiss, the issue is not whether a plaintiff will ultimately prevail, but "whether the claimant is entitled to offer evidence to support the claims." Little v. City of North Miami, 805 F.2d 962, 965 (11th Cir. 1986). The threshold is "'exceedingly low'" for a complaint to survive a motion to dismiss. Ancata v. Prison Health Services, Inc., 769 F.2d 700, 703 (11th Cir. 1985) (quoting Quality Foods de Centro America, S.A. v. America Agribusiness Devel., 711 F.2d 989, 995 (11th Cir. 1983)). A complaint filed by a *pro se* plaintiff is held to even less stringent standards than a complaint drafted by a lawyer. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (citing Conley, 355 U.S. at 45-46).

## DISCUSSION AND CITATION OF AUTHORITY

<u>Bivens v. Six Unknown Named Agents of the federal Bureau of Narcotics</u>, 403 U.S. 388 (1971), provided for the first time an avenue of recover to remedy unconstitutional state conduct against federal actors where there existed no adequate remedy at state law. However, since that decision, <u>Bivens</u> has only been extended twice by the Supreme Court. In <u>Davis v. Passman</u>, 442 U.S. 228 (1979), <u>Bivens</u> was extended to include an action against a congressman by a former employee for due process violations. In <u>Carlson v. Green</u>, 446 U.S. 14 (1980), the Supreme Court held that it would allow a <u>Bivens</u> action against federal prison officials for violation of his Eighth Amendment right to adequate medical care.

In <u>Correctional Services Corporation v. Malesko</u>, 534 U.S. 61 (2001), the Supreme Court held that a <u>Bivens</u> action was not the appropriate remedy against a private entity operating a halfway house under contract with the Bureau of Prisons. In <u>Malesko</u> the Plaintiff sued after suffering a heart attack while climbing stairs at the halfway house. The Supreme Court held that the Plaintiff could not maintain a <u>Bivens</u> action against the correctional company because the goal of <u>Bivens</u> is to deter "individual federal officers committing constitutional violations." <u>Id.</u> at 70.

The Eleventh Circuit has also decided a very similar issue as that presented in <u>Malesko</u>, but with respect to employees of private correctional facilities. In <u>Alba v. Montford</u>, 517 F.3d 1249 (2008), the 11th Circuit, following <u>Malesko</u>, declined to extend <u>Bivens</u> to cover claims for inadequate medical care against Corrections Corporation of America and its employees. In <u>Alba</u>, the Plaintiff, a prisoner at a private facility owned and operated by Corrections Corporation of America under contract with the Bureau of

Prisons, underwent surgery for a benign goiter in his throat while in their custody. The Plaintiff alleged that the surgery damaged his vocal cords and that he received inadequate post-operative care. The Plaintiff sued employees of the facility, alleging that they acted with deliberate indifference to his medical needs. Id. at 1251. The Eleventh Circuit affirmed the dismissal of Plaintiff's claim. The court noted that the Supreme Court had only twice extended Bivens, and declined to do so in Malesko. Id. at 1253. Moreover, Plaintiff could avail himself of adequate state remedies. Id. at 1254-55.

The Plaintiff at the time of his detention at the D. Ray James Detention Facility was a detainee of the United States Government. The D. Ray James Detention Facility is a private entity that operates under a contract with the United States Government. The employees of the D. Ray James Detention Center are employees of the Cornell Companies, Inc., a private entity. Plaintiff can pursue remedies against these Defendants under Georgia tort law. A Bivens claim cannot lie against employees of a private corrections company when there are adequate state remedies and, therefore, the Plaintiff's claims against these Defendants should be dismissed. Defendants failed to make a request in their Motion that D. Ray James be dismissed as a defendant in this case. However, in light of the controlling case law, D. Ray James Correctional Facility should also be dismissed.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Defendants' Motion to Dismiss be **GRANTED**. Plaintiff's claims against Defendants Donald Jackson, Dr. Charles Harden, Mark Garner, and D. Ray James Correctional Facility should be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 16th day of November, 2010.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE